Daniel R. Watkins, Esq.
Nevada State Bar No. 11881
dw@wl-llp.com
Caryn R. Schiffman, Esq.
Nevada State Bar No. 14610
cschiffman@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos Road. Ste. 22A
Las Vegas, NV 89074
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Myra Mamaia

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MYRA MAMAIA,<br><br>Plaintiff,<br><br>vs.<br><br>SILVER STATE REFRIGERATION & HVAC, LLC, a domestic limited liability company; AND DOES 1-50, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, Myra Mamaia (herein "Plaintiff"), and files this civil action against Defendants, and each of them, for violations of Title VII, 42 U.S.C. 2000(e) et seq., 42 U.S.C. 1981, the Civil Rights of 1964, 42 U.S.C. §1981 et seq., The Civil Rights Act of 1991 as well as violations under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

///

///

///

///

///

///

## JURISDICTION AND VENUE

1. This Court has jurisdiction and venue over this action pursuant to Title VII, 42 U.S.C. 2000(e) et seq., 42 U.S. C. 1981, The Civil Rights Act of 1964 and 1991, 42 U.S.C. §12101 et seq., and 28 U.S.C. § 1331, which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted her administrative remedies.

5. All conditions precedent to jurisdiction under section 42 U.S.C. §12101 et seq. have occurred or been complied with:

a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of Plaintiff instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated July 19, 2022. (A true and correct copy of said letter is attached and incorporated herein as **Exhibit "1"**.)

6. This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

//

**PARTIES**

**PLAINTIFF**

8. Plaintiff, Myra Mamaia (hereinafter "Plaintiff"), was a qualified/eligible "employee" of Defendant, Silver State Refrigeration & HVAC, LLC within the meaning of Title VII, 42 U.S.C. 2000(e) et seq., 42 U.S. C. 1981, the Civil Rights Acts of both 1964 and 1991, Nevada Revised Statutes §613.010 et seq.; and related claims under Nevada law.

**DEFENDANT**

9. Plaintiff is informed and believes that Defendant, Silver State Refrigeration & HVAC, LLC (hereinafter "Defendant") is a residential and commercial air conditioning contractor qualified to do business in Nevada. Defendant employs 15 or more employees and is an "employer" within the meaning of Title VII, 42 U.S.C. 2000(e) et seq., 42 U.S.C. 1981, 42 U.S.C. 12112 et seq., and Nevada Revised Statutes §613.010 et seq. and related claims under Nevada law.

10. Plaintiff alleges that this is the proper court because the violations of Nevada law took place at or near Defendant's local offices, located at 4535 Copper Sage Street, Las Vegas, Nevada 89115.

11. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive. The Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation, and responsibilities have been ascertained.

12. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, the defendants named in this action, as well as the fictitiously named defendants, and each of them, were agents and employees of the remaining defendants, and in doing the things hereinafter complained of, were acting within the course and scope of such agency and/or employment and with the knowledge and consent of the remaining defendants.

//

//

## STATEMENT OF FACTS

13. Plaintiff, was hired on or about May 19, 2020, as a "Lead Dispatcher Supervisor."

14. Plaintiff's job description included but was not limited to the following: providing technicians with directions for their scheduled shifts, scheduling, training, and dispatch communications. Plaintiff also handled customer service issues including refunds.

15. Immediately upon commencing her role as Lead Dispatcher, Plaintiff was subject to verbal harassment based on gender by her immediate supervisor, Elvis Alacron. Mr. Alacron would call Plaintiff "bitch" when he was talking directly to her, as well as refer to Plaintiff as "bitch" to other employees. Mr. Alacron referred to other female coworkers as his "muchachas" meaning girl or young woman in Spanish. Mr. Alacron would instruct new hires not to talk to the Plaintiff and would also tell new hires that Plaintiff is "my bitch."

16. Mr. Alacron would also routinely yell and use curse words directed at the Plaintiff in front of other employees, which not only scared and intimidated the Plaintiff but also had the effect of undermining her authority to her supervisees. Mr. Alacron would routinely utter or yell epithets such as "dumbass" or "fucken listen" or "bitch," at the Plaintiff.

17. This behavior caused the Plaintiff anxiety as she never knew when or why Mr. Alacron would yell at her.

18. Plaintiff first reported the harassment was reported to Human Resources ("HR") on or about the beginning of June 2020. The Plaintiff contacted HR telephonically and scheduled an in-person appointment. At the in-person appointment, Plaintiff met with an HR employee named of Sarah and reported the above behavior. At the end of this appointment, it was Plaintiff's understanding that HR would take care of the harassment that the Plaintiff reported.

19. Despite the assurances from HR, Mr. Alacron continued the offensive language. Mr. Alacron was still calling the Plaintiff "bitch." Mr. Alacron was still informing other employees not to talk to the Plaintiff and was still informing other employees that the Plaintiff was a "bitch."

20. Thereafter, upon information and belief, the Plaintiff learned that the HR employee, Sarah, and Plaintiff's immediate supervisor, Mr. Alacron, were in an intimate relationship.

21. On or about August 2020, again, Plaintiff contacted HR to report the above-described harassment for a second time. This time, the Plaintiff had a phone call with HR Manager Lisa, which lasted approximately thirty minutes. Again, the Plaintiff was informed that her complaints would be resolved.

22. Despite making two reports for the same behavior to HR, Mr. Alacron continued to call the Plaintiff names, yell and employ offensive language. Mr. Alacron was still calling the Plaintiff "bitch." Mr. Alacron was still informing other employees not to talk to the Plaintiff and was still informing other employees that the Plaintiff was a "bitch."

23. The Plaintiff telephonically reported the harassment to HR for a third time, on or about January 11, 2021. On that day, Plaintiff spoke with Sarah, who informed the Plaintiff that a sit-down would occur on or about January 14, 2021. The attendees for the sit-down were: the Plaintiff, Mr. Alacron, the owner, Shane Thompson, and an employee from HR.

24. The sit-down did not take place on January 14, 2021, or a different day.

25. On or about January 15, 2021, Defendant discharged Plaintiff for insubordination.

26. Defendant's discharge was a pretext in order to retaliate against Plaintiff for reporting the harassment described herein.

## COUNT I

**TITLE VII – SEXUAL HARASSMENT-HOSTILE WORK ENVIRONMENT**
**(RACE, COLOR, RELIGION, SEX AND NATIONAL ORIGIN)**
**Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*)**
**Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)**
**Nev. Rev. Stat. § 613.330 *et seq*.**

27. Plaintiff hereby incorporates paragraphs the preceding paragraphs of this Complaint as though fully set forth herein.

28. Plaintiff was subjected to unwanted verbal harassment during her employment with DEFENDANT which was perpetuated upon her by Defendant's employees.

29. The conduct was unwelcomed.

30. The conduct was sufficiently severe or pervasive top alter the conditions of Plaintiff's employment and create an abusive and/or hostile work environment.

//

31. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical, mental health, work performance as to create an intimidating, hostile and offensive work environment.

32. During the times referenced supra, Plaintiff was subjected to an unwanted sexually charged work environment.

33. Defendant was aware of the hostile work environment and failed to remediate it.

34. As a direct and proximate result of Defendants' discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and the consequential harms, Plaintiff has suffered such damages in an amount to be proved at trial.

35. Defendants, through their agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendants and their supervisors and Human Resources Department as described above thereby ratifying the unlawful conduct of its supervisors and Human Resources Department.

36. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

37. Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT II**

**RETALIATION**
**Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*)**
**Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)**
**NRS § 613.330 *et seq*.**

38. Plaintiff hereby incorporates paragraphs 1 through 43 of this Complaint as though fully set forth herein.

39. Title VII of the Civil Rights Act of 1964 prohibits an employer from retaliating against an employee who reports harassment based upon gender.

40. Here, Plaintiff participated in a "protected activity" when she informed HR of the of the daily harassment. Specifically, Plaintiff reported the harassment to HR on three separate times which were all ignored, which resulted in Defendant ratifying and condoning the harassment.

41. Thereafter, Plaintiff experienced an adverse employment action when she was terminated.

42. Plaintiff's termination was causally connected to his protected activity.

43. As a direct and proximate result of Defendants retaliation against Plaintiff, he suffered and will continue to suffer pain, humiliation, and emotional distress.

44. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

**COUNT III**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

45. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

46. Defendant intentionally inflicted emotional distress on the Plaintiff during her employment period by ratifying and condoning the abusive and hostile work environment which was beyond what a reasonable person would be expected to endure.

47. The Defendant engaged in extreme and outrageous conduct by failing to remediate the abusive behavior that the Plaintiff endured during the course of her employment with the Defendant.

48. The Defendant intended to cause or acted with a reckless disregard for causing emotional distress when the Defendant failed to remediate the abusive and harassing behavior the Plaintiff endured almost daily.

49. As a proximate result of the conduct described herein, the plaintiff suffered severe or extreme emotional distress.

50. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, she suffered and will continue to suffer pain, humiliation, and emotional distress.

51. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays that this Court grant the following relief:

1. Economic Loss for Back Pay and Front Pay, plus prejudgment interest;

2. Compensatory Damages in accordance with 42 U.S.C. §12117, 42 U.S.C. §1983, and other applicable statutes;

3. Reasonable attorneys' fees pursuant to 42 U.S.C. §12205 and other applicable statutes;

4. Punitive Damages;

5. Costs of suit incurred herein; and

6. Such other and further relief as the court deems just and proper.

DATED this 14th Day of October 2022.

WATKINS & LETOFSKY, LLP

*/s/ Daniel R. Watkins*

By: ____________________________

Daniel R. Watkins, Esq.
Caryn R. Schiffman, Esq.
8935 S. Pecos, Ste. 22A
Henderson, NV 89074
Attorneys for Plaintiff, Myra Mamaia

**REQUEST FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981s, Plaintiff hereby demands a trial by jury in this action on all issues so triable.

DATED this 14th Day of October 2022.

WATKINS & LETOFSKY, LLP

*/s/ Daniel R. Watkins*

By: ______________________________

Daniel R. Watkins, Esq.
Caryn R. Schiffman, Esq.
8935 S. Pecos, Ste. 22A
Henderson, NV 89074
Attorneys for Plaintiff, Myra Mamaia

***Exhibit 1***

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Ms. Myra Mamaia**
**c/o Michael DiRenzo, Esq.**
**8935 S. Pecos Blvd., #22A**
**Henderson, Nevada 89074**

From: **Los Angeles District Office**
**255 East Temple St, 4th Floor**
**Los Angeles, CA 90012**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **34B-2021-00745** | **Karrie Maeda,** **State, Local & Tribal Program Manager** | **2137853002** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

The EEOC is terminating its processing of this charge.

***Age Discrimination in Employment Act (ADEA):*** *You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA* ***must be filed in federal or state court WITHIN 90 DAYS*** **of your receipt of this Notice.* Otherwise, your right to sue based on the above-numbered charge will be lost.*

***Equal Pay Act (EPA):*** *You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that* ***backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Christine Park-Gonzalez
07/19/2022

**Christine Park-Gonzalez**
**Acting District Director**

Enclosures(s)

cc: **Shane A Thornton**
**Silver State Refrigeration**
**4535 Copper Sage St**
**Las Vegas, NV 89115**